to show the undertaking by both corporations to answer for all the services rendered. Present — Peck, P. J., Callahan, Van Voorhis and Breitel, JJ.; Callahan, J., concurs in the following memorandum: The test as to the number of causes of action to be pleaded depends on the number of separate contracts of hiring relied on by plaintiff. The enforcement of each separate contract must be sought by pleading a separate cause of action.

■

FRANCISCA G. DAJKOVICH, Respondent, v. WALDORF ASTORIA HOTEL CORPORATION, Appellant.— Order unanimously affirmed, with $20 costs and disbursements to the respondent. No opinion. Present — Peck, P. J., Callahan, Van Voorhis and Breitel, JJ.

■

In the Matter of the Accounting of JULIA JEDVABNIKS et al., as Administrators of the Estate of ABRAMS JEDVABNIKS, Deceased, Respondents. FRANCES GRUNER, Appellant.— Order unanimously affirmed, with $20 costs and disbursements to the respondents. No opinion. Present — Peck, P. J., Callahan, Van Voorhis and Breitel, JJ. [Order dismissed appellant's objections to respondents' account.] [See post, p. 864.]

■

In the Matter of the Accounting of JULIA JEDVABNIKS et al., as Administrators of the Estate of ABRAMS JEDVABNIKS, Deceased, Respondents. FRANCES GRUNER, Appellant.— Order unanimously affirmed, with $20 costs and disbursements to the respondents. No opinion. Present — Peck, P. J., Callahan, Van Voorhis and Breitel, JJ. [Order denied appellant's motion for examination of respondents.] [See post, p. 864.]

■

THE PEOPLE OF THE STATE OF NEW YORK ex rel. ANTHONY J. SCALISE, Appellant, against LEON NACCARI et al., Respondents.— Order granting custody of the children to the father unanimously modified by striking therefrom the right of visitation granted to the grandparent, the aunt, and the other maternal relatives and, as so modified, affirmed, without costs. While it is to be hoped that the father will see the wisdom of permitting the children to receive visits from the maternal relatives, such visits should not be mandated by judicial order. Such judicial mandate might aggravate the conflicts that should subside in the interests of the children. Moreover, the father being a fit custodian of the children, the court should not seek to supervise that custody unless it should appear that the custody is not administered in the best interests of the children. Present — Peck, P. J., Callahan, Van Voorhis and Breitel, JJ.

■

KATHERINE PRESSER, Appellant, v. WALLACE COSBY et al., Respondents.— Order unanimously affirmed, with one bill of $20 costs and disbursements to the respondents. No opinion. Present — Peck, P. J., Callahan, Van Voorhis and Breitel, JJ.

■

JAMES HOLLAND, Respondent, v. MEYER LEVY, Appellant. JAMES HOLLAND, Respondent, v. LAURA LEVY, as Administratrix of the Estate of MEYER LEVY, Deceased, Appellant.— Order unanimously affirmed, with $20 costs and disbursements to the respondent. No opinion. Present — Peck, P. J., Callahan, Van Voorhis and Breitel, JJ.